**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN KENNEDY, | No. 20-15414 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00468-MMD-CLB |
| v. | |
| DAN WATTS, Sheriff; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Kevin Kennedy appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging violations of the Fourth

and Fourteenth Amendments.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2018).  We affirm.

The district court properly granted summary judgment on Kennedy's Fourth Amendment excessive force claim because Kennedy failed to raise a genuine dispute of material fact as to whether defendants' actions in subjecting Kennedy to a blood draw were unreasonable in light of the facts and circumstances.  *See Graham v. Connor*, 490 U.S. 386, 397-98 (1989) (setting forth the objective reasonableness standard for excessive force determinations); *Schmerber v. California*, 384 U.S. 757, 768 (1966) (explaining that the means and procedures used to extract an arrested person's blood must be "reasonable" under the Fourth Amendment).

The district court properly granted summary judgment on Kennedy's Fourteenth Amendment failure-to-protect claim arising from his pretrial detention because Kennedy failed to raise a triable dispute as to whether defendants caused Kennedy's injuries.  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim).

The district court properly granted summary judgment on Kennedy's Fourteenth Amendment due process claim because Kennedy failed to raise a triable dispute as to whether he had a protected liberty interest in not being placed in administrative segregation.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)

(no due process violation if restraint imposed is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) ("[T]he *Sandin* analysis applies to [the] due process claims" of a plaintiff convicted but awaiting sentencing."); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.").

We reject as meritless Kennedy's contentions that the district court was biased and that he was entitled to a jury trial.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kennedy's "motion to receive documents" (Docket Entry No. 59) is granted. The Clerk will send a copy of Kennedy's motions for appointment of counsel (Docket Entry Nos. 3 and 9), opening brief (Docket Entry No. 13), reply brief (Docket Entry No. 29), motion for summary disposition (Docket Entry No. 9), emergency motions, requests, and inquiries (Docket Entry Nos. 35, 36, 50, 55, and 56), and a copy of the docket sheet to Kennedy. All other pending motions and requests are denied.

**AFFIRMED.**